CASE No. 1055.

STATE v. TONEY.

1. It is not necessary to a conviction of malicious trespass for injuring a cow, to prove malice towards the owner of the cow. *State* v. *Doig,* 2 *Rich.* 179, recognized and followed.

2. The capacity of an infant under fourteen years of age to commit the crime of malicious trespass is a question to be determined from the facts of the case; independent evidence of such capacity is not essential.

Before THOMSON, J., Sumter, February, 1881.

This was an indictment against Wesley Toney, Reece Toney and Lawrence Toney, for malicious trespass. The report of the presiding judge is as follows:

" The said defendants were indicted for malicious trespass. The act charged was the beating and wounding, against the act of assembly, of a cow of D. E. Keels, the prosecutor. The proof was that on November 1st, 1880, the cow was seen in Wesley Toney's lot or cow-pen. The prosecutor said he was thirty or forty yards from the cow-pen and not seen. He saw some one at the cow-pen—his cow was in the pen. Lawrence Toney and another son of Wesley Toney were there—two dogs there—W. Toney was outside of pen; one or both of the dogs had hold of the cow. The cow was very gentle and tame    *    *    *    cow lost parts of both ears from biting, and she could not eat for some time. W. Toney did not seem to do anything. Reece Toney struck cow with a rail; one of the dogs had hold of cow. Reece and the other son were setting dogs on; clapping their hands and halloaing, and keeping cow in pen, &c.

" Wesley Toney, for the defence, said: The cow had been in his field, supposed all night, and he directed Reece Toney to drive the cow out of the field. The cow when driven jumped into the cow-pen—he told Reece Toney to open the bars of the lot, and let the cow out, and the cow then went away. The fences of the field and cow-pen were from four feet to neck or chin high. He said the dogs got on the cow, but denied it was by his orders.

" The age of Lawrence Toney was not proved, but it seemed to be admitted he was not fourteen years of age. He was a well-grown boy, apparently at least over twelve years. The facts in the main were not in dispute; the questions were made under requests to charge presented to the court.

" The jury were charged that this was a statutory offence, and

the act of assembly was to be construed strictly. That where by the act the intent constitutes an element of the offence, it must be proved. That express proof of malice against the owner of the animal was not required. That if the prosecutor's cow was willfully beaten and wounded, and the act was unlawful and without excuse, and the owner of the animal known, that the offence of malicious trespass was complete. And the jury were asked as an illustration, would the defendants have done the same injury to a cow of a son or brother, the ownership of the animal being known ? That the malice intended by the act could be inferred from the circumstances proved without proving direct malice to the owner of the animal.

" In the case of Lawrence Toney it was left to the jury to determine if malice did not supply age. The prisoner was before them in court, his conduct and acts had been stated in the testimony. Was he conscious that his act was wrongful, or could he discern between right and wrong ? If so, he was responsible. That the law looked to capacity for evil as a measure of responsibility as much or more than an infant's having attained the age of fourteen years. Did his acts and conduct show this capacity ? Then if guilty he was responsible. The jury found Wesley Toney not guilty. Lawrence Toney and Reece Toney guilty."

Lawrence Toney and Reece Toney appealed to this court upon the following exceptions :

1. His Honor was requested to charge the jury that it was necessary for the state to prove malice on the part of the defendants against the owner of the property alleged to have been injured. His Honor refused to make this charge, and instructed the jury that if at the time the cow was injured they " believed that the defendants knew the owner and connected in their minds the owner with the animal," it was sufficient. The defendants excepted to this as error of law.

2. His Honor was requested to charge the jury that the defendant, Lawrence Toney, was entitled to an acquittal, as according to the testimony he was an infant under the age of fourteen years, and there was no evidence rebutting the presumption of law that he was incapable of committing a crime. His Honor refused to make this charge and the defendants excepted.

*Mr. Jos. H. Earle* for appellant.

There must be proof of malice towards the owner.   14 *Rich.*
249 ;  2 *Rich.* 179 ;  2 *Bish. Cr. L.*, § 997 ;  2 *East Cr. L.*
1072 ;  2 *Leach* 594, 595 ;  3 *Dev. & Bat.* 130 ;  7 *Ala.* 728 ; 12
*Ired.* 329 ; 3 *Yerg.* 278 ; 1 *Minn.* 292 ; 10 *Iowa* 115.   Lawrence
was improperly convicted.   1 *Bish. Cr. L.*, § 368 ; 4 *B. C.*
23 ; *Broom's Leg. Max.* 233 ; *Archb. Crim. Pl.* (*8th ed.*) 11.

*Mr. Solicitor J. J. Dargan,* contra.

July 16th, 1881.   The opinion of the court was delivered by
SIMPSON, C. J.   In this case the defendants were indicted for
malicious trespass.   The act charged was the beating and wound-
ing, against the act of assembly, a cow of Keels, the prosecutor.
The presiding judge was requested to charge the jury that it was
necessary for the state to prove malice on the part of the defend-
ants against the owner of the property alleged to have been in-
jured.   He was further requested to charge that the defendant,
Lawrence Toney, was entitled to an acquittal, as, according to
the testimony, he was an infant under the age of fourteen years,
and there was no evidence rebutting the presumption of law that
he was incapable of committing crime.   His Honor refused to
charge as requested.   The defendants were convicted, and Reece
Toney and Lawrence Toney have appealed.

The appeal assigns as error in the judge his refusal to charge
as requested upon the the two points stated.

The terms used in the act under which these defendants have
been indicted and convicted are " *unlawfully,*" " *willfully* " and
" *maliciously.*"   These terms are not synonymous, and were not
intended to express the same idea.   They have each a different
signification and import different degrees of guilt.   As was said
by the learned judge in the case of *State* v. *Alexander,* 14 *Rich.*
249, " an act may be unlawful and so involve legal responsibil-
ity, without being either willful or malicious, or it may be both
unlawful and willful without being malicious.   They constitute
an ascending scale in culpability—a legal climax."

All of these elements are necessary to the crime denounced in

the act in which these terms are employed, and they must all be proved upon the trial or the defendant is entitled to an acquittal. But what is the true import of the word malicious as used in the act? Does it necessarily embrace the idea of hatred towards the owner of the property injured?

Several authorities have been furnished by the appellant's counsel, both from England and some of the adjoining states, construing statutes in which these words are used, which sustain this view. But in the face of the case of *State* v. *Doig,* 2 *Rich.* 179, we cannot declare that to be the law of South Carolina. In that case Wardlaw, J., said: " Malice is a term of art implying wickedness, and excluding a just cause or excuse. It is implied from an unlawful act, willfully done, until the contrary be proved." Clearly implying that such act may be willful without being actually malicious. In that case the defendant was indicted for breaking down a portion of the canal on Broad river, owned by the state. There was no charge or proof that this was done out of ill-will towards the state, yet he was convicted and punished.

The accepted legal meaning of the term malice, as found in the best lexicographers, is wickedness, and even in the most startling of all crimes—that of willful murder—it is not necessary to show personal ill-will towards the victim of the murderer. Where the heart is devoid of social duty and totally bent on mischief, which may be implied from the character of the act, a party may be convicted even of murder without the slightest proof of personal ill-will towards the deceased.

Under the authorities in this state, then, it would not have been good law for the judge to have charged in this case that defendant could not be convicted in the absence of proof of express malice towards the owner of the cow beat and wounded by the defendants.

This brings us to the second question raised by the appeal. Lawrence Toney was between seven and fourteen years of age. He claimed, through his counsel, that as he was under fourteen the judge should charge " that there was no evidence rebutting the presumption of law that he was incapable of committing crime."

It is true at common law an infant under fourteen is *prima facie doli incapax*, and before he can be convicted it should appear to the court that he is *doli capax*, and is able to discern between good and evil. 4 *Blackstone* 24. But this principle, when enforced most rigidly, would not have demanded of the presiding judge in this case to have charged the jury that there was no proof before them rebutting this presumption, unless it be sound doctrine, as contended by the appellants, that in a question of this kind there must be direct and positive proof as to the fact of capacity independent and outside of the facts and circumstances of the transaction itself.

Out of tenderness to infants—the ease with which they may be misled—their want of foresight and their wayward disposition, no doubt, the evidence of malice, which is to supply age, should be strong and clear beyond all doubt and contradiction ; 4 *Bl. Com.* 28 ; *Archb. Crim. Pr. & Pl.* (*8th ed.*) 11 ; but we find no authority for the position that this evidence must be outside of the facts of the offence itself, and must be directed expressly to the question of capacity. There was no error, then, in the judge submitting this case to the jury upon its own facts, leaving it to them to say whether, under all the circumstances, the offence charged had been committed, both as to the actual beating of the cow and the capacity of the parties charged.

It is the judgment of this court that the judgment of the Circuit court be affirmed.

McIVER and McGOWAN, A. J's, concurred.