22879

The STATE, Respondent v. Joseph Albert SAPPS, Jr., Appellant.
(369 S. E. (2d) 145)

Supreme Court

*Steven H. John,* North Myrtle Beach, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. G. Wells Dickson, Jr.,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard April 20, 1988.

Decided June 6, 1988.

GREGORY, Chief Justice:

Appellant was convicted of first degree criminal sexual conduct and kidnapping. He was sentenced to concurrent terms of thirty years and life imprisonment. We reverse and remand for a new trial.

The victim, a sixteen-year-old female, testified she was raped by appellant and his co-defendant, Zimmie Frank. She testified Frank forced her into the back seat of appellant's car outside a club. Appellant drove to a deserted area and both men raped the victim. They then told her to get out of the car and they drove away. Zimmie Frank, who testified for the State after pleading guilty, corroborated the victim's story. A police officer testified appellant told him he had sex with the victim but it was with her consent.

To the contrary, appellant testified he drove while Frank and the girl engaged in consensual sexual intercourse in the back seat of the car. He testified he did not touch the girl or even speak with her, although he admitted deserting her in an isolated area because neither man wanted to take her home.

During cross-examination, the solicitor asked appellant if each of the other three witnesses was lying and if appellant was "the sole source of truthfulness". Appellant answered affirmatively. The solicitor was permitted to repeatedly ask appellant if the others were telling the truth over appellant's objection on the ground of improper pitting of witnesses. The trial judge overruled the objection because it was "cross-examination with the defendant himself."

It is improper for the solicitor to cross-examine a witness in such a manner as to force him to attack the veracity of another witness. This error is reversible if the accused is unfairly prejudiced thereby. *State v. Outen*, 237 S. C. 514, 118 S. E. (2d) 175 (1961); *State v. Hariott*, 210 S. C. 290, 42 S. E. (2d) 385 (1947).

Because credibility was the crucial issue in this case, we hold appellant was unfairly prejudiced by the solicitor's improper cross-examination. We need not address appellant's remaining exceptions. The judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.