22931

The STATE, Respondent v. Dennis Carl BROWN, Appellant.
(374 S. E. (2d) 669)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey*, of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Norman Mark Rapoport,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard Oct. 4, 1988.

Decided Dec. 5, 1988.

TOAL, Justice:

Appellant Brown was convicted by a jury of possession of phenmetrazine in violation of S. C. Code Ann. § 44-53-370(d)(2). Brown was sentenced to six months imprisonment, and fined $1,000. On appeal, Brown contends that the assistant solicitor improperly cross-examined him by forcing him to attack the veracity of the State's witnesses. We reverse and remand for a new trial.

Based on information received from a confidential informant, two police officers went to the Haskell Heights area of Columbia to investigate drug activity. The police officers found a car, with three occupants, parked on a back road in the area. When he approached the parked car, Officer Bamberg testified that he noticed the driver, Brown, open the car door, presumably to drop something. Officer Bamberg closed the door on Brown's hand, causing a bottle cap with an orange substance to fall on the ground. The bottle cap subsequently was tested and found to contain phenmetrazine. The officers then requested that Brown leave the car. After Brown left the car, the officers found a syringe on the seat which had been hidden under Brown's leg.

While testifying on direct examination, Brown adamantly denied that he dropped a bottle cap or hid a syringe under his leg. During the assistant solicitor's cross-examination of Brown, she repeatedly asked him whether the police officers made up the story about him. Brown's attorney interposed an objection to the line of questioning because it pitted Brown's testimony against that of the officers. The trial judge overruled the objection.

We have previously had occasion to address the issue ▉▉ of the propriety of an assistant solicitor attacking the veracity of the defendant by pitting his testimony against that of a State's witness in *State v. Harriott,* 210 S. C. 290, 42 S. E. (2d) 385 (1947). *See also, State v. Warren,*

207 S. C. 126, 35 S. E. (2d) 38 (1945). In *Harriott*, the solicitor forced the defendant to attack the veracity of the State's witness, a police officer. This court concluded that the improper questioning prejudiced the right of the defendant to a fair and impartial trial. Accordingly, this court reversed the defendant's conviction.

Most recently, in *State v. Sapps*, 295 S. C. 484, 369 S. E. (2d) 145 (1988), we reversed Sapp's conviction because the assistant solicitor on cross-examination forced the defendant to attack the veracity of all the State's witnesses. Since Sapps' credibility was a key element to his defense that he did not commit the rape, we found that the questioning prejudiced Sapps' right to a fair trial.

Once again, in the present case, we are compelled to reverse a conviction because the assistant solicitor forced Brown to attack the veracity of the investigating officers by inquiring whether the officers "made the story up" about Brown's participation. The assistant solicitor compounded her error by challenging Brown that his "made up" story was "pretty convenient," which pitted his testimony another time against that of the officers. In addition to holding that the questioning was improper, we also find that Brown was unfairly prejudiced because, as in *Sapps*, his credibility was a crucial issue.

We, therefore, reverse Brown's conviction, and remand for a new trial.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.