## 23285

David THRIFT, Petitioner v. STATE of South Carolina, Respondent.

(397 S.E. (2d) 523)

Supreme Court

*John F. Hardaway,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Staff Atty. Marshall Prince,* Columbia, *for respondent.*

Heard Sept. 26, 1990.

Decided Oct. 22, 1990.

HARWELL, Justice:

Petitioner David Thrift was convicted of murder and sentenced to life imprisonment. His direct appeal was dismissed after review pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967). This petition for writ of certiorari is before this Court following the denial of petitioner's application for Post Conviction Relief (PCR). We affirm.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The facts giving rise to petitioner's assertion that the PCR judge erred in not finding he had been denied effective assistance of trial counsel are set forth below. Bill E. Faile[1] and George Douglas Johnson[2] (Doug) were petitioner's codefendants. Debra Fay McDaniel Johnson was Doug's wife. At trial, these witnesses testified to petitioner's participation in luring the victim to the Johnsons' home, the scene of the murder, and petitioner's knowledge of Faile's intention "to get" or to kill the victim. Petitioner denied any knowledge of Faile's intentions.

During the solicitor's cross-examination of petitioner at trial, the following occurred:

> Q: Were you not there when Ms. McDaniel [Doug Johnson's wife] testified?

---

[1] At the time of petitioner's trial, Faile had admitted discharging the fatal shots and had already pled guilty to murder and been sentenced to life imprisonment.

[2] Doug Johnson had also been charged with murder, but at the time of petitioner's trial, he had reached an agreement with the solicitor whereby he would plead guilty to being an accessory to murder after the fact and face a potential five year sentence.

A: Yes, sir. But I never had seen her that night.

Q: She said she was in the kitchen there.

A: I didn't even know she was home.

Q: And Bill said he was going to get him and you said, "We've got to get him."

A: No, Sir, I did not say that.

Q: She's lying; is that right?

A: If she said that.

Q: Doug's lying. He said you said you were going to have to get him.

A: Well, then he's lying then.

Q: He's lying. Bill Faile's lying.

A: Definitely.

Petitioner's trial counsel did not object to this cross-examination. At his PCR hearing, petitioner argued to the judge that he was denied effective assistance of counsel because his attorney's failure to object to the solicitor's line of questioning improperly forced him to attack the veracity of Bill Faile, Debra McDaniel Johnson, and Doug Johnson. Trial counsel testified that he could not remember why he had not objected. The PCR judge rejected petitioner's argument and found that despite trial counsel's failure to object, petitioner failed to establish prejudice.

Petitioner now argues that the PCR judge erred in failing to find petitioner received ineffective assistance of counsel. The burden is on the applicant in post-conviction proceedings to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985). As to allegations of ineffective assistance of counsel, the applicant must show that counsel's performance was deficient and that he was prejudiced by the deficiencies. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989). This Court must affirm the findings of the PCR judge if they are supported by any evidence. *Cherry v. State, supra*.

While it is improper for the solicitor to cross-examine a witness in such a manner as to force him to attack the veracity of another witness, improper "pitting" constitutes reversible error only if the accused was unfairly prejudiced. *State v. Brown*, 297 S.C. 27, 374 S.E. (2d) 669 (1988);

*State v. Sapps,* 295 S.C. 484, 369 S.E. (2d) 145 (1988). If it appears from the record that the conviction is clearly correct on the merits, that the accused had a fair trial, and that no other verdict could reasonably have been returned on the evidence, this Court is disposed to regard the error as harmless. *State v. Hariott,* 210 S.C. 290, 42 S.E. (2d) 385 (1947).

Clearly, petitioner has not met his burden of proof in showing prejudice. While petitioner's credibility was in question as to whether he heard Faile state that he intended to kill the victim, petitioner's own testimony indicated that he was aware that Faile was looking for the victim, that Faile as well as petitioner were armed, and that the victim would at least be "roughed up." On cross-examination, petitioner admitted carrying a gun for "protection." This is evidence petitioner expected a potentially violent situation. We find that although petitioner's trial attorney's performance was deficient, petitioner's trial testimony supports the PCR judge's finding that he was not prejudiced by his trial attorney's failure to object to the solicitor's improper pitting of witnesses.

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner also contends that that the PCR judge erred in failing to find petitioner received ineffective assistance of appellate counsel. Petitioner asserts that his appellate attorney was ineffective for failing to argue on appeal that the trial judge's jury instruction was erroneous. This argument is without merit. In the present case, trial counsel requested the judge charge the following instruction based on *State v. Peterson,* 287 S.C. 244, 335 S.E. (2d) 800 (1985): "Before the law will hold the defendant responsible for this homicide you must find that the homicide was a natural or probable consequence of the acts actually agreed on by the defendants." The trial judge did not use the specific language in petitioner's request to charge, but instead charged the following:

Now, Mr. Foreman, Ladies and Gentlemen of the Jury, I will charge you that the law is that if a crime was committed by two or more persons who are acting together

in the commission of an offense, the act of one is the act of both or all, if there are more than two. In other words, there could be two people, only one of whom had the poison, and that one puts it in a beverage and poisons the individual. If they were acting together, aiding, abetting, assisting each other, they both could be guilty of that murder—would be guilty of the murder. If both are together, acting together, assisting each other in the commission of the offense, the law says: Under those circumstances the act of one is the act of all, the hand of one is the hand of all. If two or more combine together to commit an unlawful act, such as robbery, and *in the execution of that criminal act a homicide is committed by one of the actors as a probable and natural consequence of the acts done in pursuance of the common design, all present participating in the unlawful undertaking are as guilty as the one who committed the fatal act.* The common purpose may not have been to kill another, but if it was unlawful, as for instance, to break in and steal and in the execution of the common purpose a homicide is committed by one as a probable or natural consequence of the acts done in pursuance of the common design, then all present participating in the unlawful common design are as guilty as the slayer. (Emphasis added.)

A defendant is constitutionally entitled to the effective assistance of appellate counsel. *Evitts v. Lucey,* 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. (2d) 821 (1985). However, appellate counsel is not required to raise every non-frivolous issue that is presented by the record. *Jones v. Barnes,* 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. (2d) 987 (1983). Here, appellate counsel testified at the PCR hearing that she did not raise an exception to the trial judge's failure to charge the jury as requested because it was her opinion that the instruction that was given substantially complied with the law as set forth in *Peterson.* She testified that in reviewing the record and in preparing the appeal, she concluded that a proper charge on accomplice liability was given. We agree. The testimony of petitioner's appellate attorney that she reviewed the requested charge and the charge as given and consciously decided not to brief the issue, clearly sup-

ports the PCR judge's finding that appellate counsel was not ineffective.

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.