23682

Roy Lee WADE, Petitioner v. STATE of South Carolina, Respondent.

(419 S.E. (2d) 781)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak, of the South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka and Staff Atty. Lisa G. Jefferson, Columbia, for respondent.*

Submitted June 14, 1991.

Decided July 13, 1992.

FINNEY, Justice:

This Court granted certiorari to review the denial of post-conviction relief (PCR) to Petitioner Roy Lee Wade on the

sole issue of whether or not petitioner entered a guilty plea as a result of coercion. After consideration of the record, briefs filed on behalf of the parties, and the applicable law, we affirm the findings of the PCR court.

On July 19, 1988, the petitioner pled guilty to one count of criminal sexual conduct with a minor in the first degree and one count of criminal sexual conduct with a minor in the second degree involving his step-niece. On July 21, 1988, he was sentenced to imprisonment for thirty years for criminal sexual conduct in the first degree and twenty years, consecutive, for criminal sexual conduct in the second degree.

The petitioner was also charged with criminal sexual conduct with his two daughters and another niece. Petitioner's father and brother were charged on separate indictments with related offenses involving the same minors. Petitioner was represented by counsel at the guilty plea proceedings. Petitioner's counsel assented to the solicitor's statement to the court that plea negotiations resulted in certain charges being dropped and that other criminal sexual conduct charges were dropped due to petitioner's guilty plea.

On October 19, 1989, petitioner filed an application for PCR allegation ineffective assistance of counsel in eight particulars, and that his plea process was defective because the court failed to establish a factual basis for the plea and had failed to inquire into and seek to resolve the conflict between the petitioner's waiver of trial and his claimed innocence.

The petitioner was granted an evidentiary hearing at which he was represented by Virginia Herrick. Testimony was presented by the petitioner; Elmer Hatcher, petitioner's guilty plea counsel; John H. Wade, Sr., petitioner's father; Geraldine Wade, petitioner's mother; and Barbara Wade Carmody, petitioner's sister.

Petitioner's guilty-plea counsel testified that although the petitioner was reluctant to plead guilty, the ultimate decision to enter a guilty plea was made by the petitioner. Counsel also testified the solicitor had indicated to him that the way she intended to treat the female members of the family would depend, to some degree, upon what the male members of the family did since the males were considered the actual perpetrators, which statement he communicated to the petitioner. The petitioner's mother testified that she was never charged

with any offense and that she was not told of possible charges against her daughters-in-law. The record reflects that petitioner's wife and sister-in-law each received an eight-year sentence, suspended to five years probation.

The PCR judge dismissed petitioner's application, finding that the petitioner had failed to establish any constitutional violations or deprivations before or during his guilty plea proceeding.

The petition to this Court for a writ of certiorari ensued. We granted certiorari to review petitioner's allegation that his conviction was obtained by a guilty plea which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea. The petitioner alleges his guilty-plea counsel told him that if he did not plead guilty to the charges his mother, wife and sister-in-law would go to jail.

In a PCR proceeding, the burden of proving the allegations in his petition is upon the petitioner. This Court must uphold the findings of the PCR judge if such findings are supported by any evidence. *Thrift v. State,* 302 S.C. 535, 397 S.E. (2d) 523 (1990).

The record reveals numerous interrelated charges and potential charges against the petitioner and other adult members of his family arising from instances of criminal sexual conduct with several minor family members over an extended period of time. The record reflects affirmatively the petitioner's knowing, intelligent and voluntary entry of his plea of guilty. Moreover, the petitioner entered his guilty plea with an awareness of the plea negotiations concerning the cases involved. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. (2d) 274 (1969); *United States v. Marquez,* 909 F. (2d) 738 (2nd Cir. 1990); *LoPiana v. State,* 270 S.C. 563, 243, S.E. (2d) 448 (1978).

After conducting an evidentiary hearing the PCR judge found that petitioner's allegation claiming his plea was unlawfully induced was conclusively refuted by the record. The PCR judge observed that the testimony offered in support of petitioner's allegation was unconvincing, without credibility, and untruthful. We conclude that the findings of the PCR judge are supported by evidence in the record, and that the petitioner has failed to prove the allegation that his guilty

plea was not knowing, intelligent and voluntary. *See Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989).

For the foregoing reasons this Court affirms the conclusions and findings of the PCR court.

Affirmed.

HARWELL, Acting C.J., and CHANDLER and TOAL, JJ., concur.

GREGORY, C.J., not participating.