1973

The STATE, Respondent v. Michael Lee BRYANT, Appellant.

(429 S.E. (2d) 816)

Court of Appeals

*Asst. Appellate Defender M. Anne Pearce,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Wilbur E. Johnson,* Columbia, and *Sol. Ralph J. Wilson,* Conway, *for respondent.*

Heard Feb. 16, 1993; Decided March 15, 1993.

Refiled April 13, 1993.

## ORDER

After reviewing the petitions for rehearing in this case, it is ordered that the opinion heretofore filed be withdrawn and the attached opinion, wherein we amended the first paragraph of Part II, be substituted therefor. The opinion as amended shall be reprinted along with the dissenting opinion.

The petitions for rehearing are denied.

It is so ordered.

LITTLEJOHN, Acting Judge, concurring.

I would grant the petition filed by the State.

GOOLSBY, Judge:

Michael Lee Bryant appeals his convictions for failure to stop for a blue light or siren, resisting arrest, assault and battery of a high and aggravated nature, and malicious injury to personal property. The issues on appeal concern a defendant's criminal liability for an unintended harm and the pitting of a defendant's testimony against the testimony of another witness. We reverse Bryant's conviction for malicious damage to personal property but otherwise affirm the judgment below.

When viewed in the light most favorable to the State, the evidence shows that at approximately 3:17 a.m. on June 12, 1990, Officer Donald Parker of the Conway Police Department observed a green Ford pickup truck driving toward the town limits at a high rate of speed. The officer turned on his blue light and siren and chased after the pickup. The chase ended when the pickup turned into a driveway and its driver, later identified as Bryant, got out.

The officer pulled in directly behind the truck and "exited" his vehicle. Bryant came up to the officer and immediately grabbed him by the throat with one hand and began to reach for the officer's gun with the other. During the ensuing strug-

gle between the two men, Bryant threw the officer against
the patrol car. As a consequence, the police car sustained
damage in excess of $200. The officer later gained the upper
hand and arrested Bryant.

## I.

Bryant contends the trial court erred in denying his motion
for a directed verdict of not guilty to the offense of malicious
injury to personal property, an offense created by S.C. Code
Ann. § 16-11-510 (1985).[1] More specifically, Bryant argues the
State failed to offer any evidence that he acted with malicious
intent to damage the police car.

To secure a conviction under section 16-11-510, the
State must prove "that it is the intent of the doer that
some one [sic] suffer unnecessary injury to his prop-
erty." *See State v. Weeks,* 185 S.C. 277, 282, 194 S.E. 12, 14-15
(1937), *overruled in part, State v. Lewellyn,* 281 S.C. 199, 314
S.E. (2d) 326 (1984) (construing identical language in a com-
panion statute, S.C. Code Ann. 16-11-520 (1985), that prohibits
malicious injury to real property). Here, the State failed to
prove by any evidence that Bryant intended to cause damage
to the patrol car when slammed the officer against it. The evi-
dence points to only one reasonable inference and that is that
the damage done to the patrol car was an unintended harm.
Being an unintended harm, it is not one for which Bryant can
be held criminally liable. Bryant's intent to injure the police
officer cannot be transferred to the property offense because
the two harms differ. *See* WILLIAM S. MCANINCH AND
W. GASTON FAIREY, THE CRIMINAL LAW OF SOUTH
CAROLINA at 19-20 (2d ed. 1989) (noting that, where A
throw a rock at B intending to injure B but misses B and
breaks a window near where B was standing, A is not crimi-
nally liable for the destruction of property and stating that
"[t]he basic rule is that one cannot be convicted of an offense
unless his mental state was that required by the particular of-

---

[1] S.C. Code Ann. § 16-11-510 (1985) provides in pertinent part:

Whoever shall wilfully, unlawfully, and maliciously . . . injure or destroy
any . . . personal property . . . of another, shall be guilty of a misde-
meanor. . . .

fense" and "[t]he doctrine of 'transferred intent' applies only in the situation of same harm but on an unintended victim").

The trial court, therefore, erred in not directing a verdict of not guilty on the count in the indictment that charged Bryant with violation of section 16-11-510.

## II.

Bryant contends the trial court erred in improperly allowing the solicitor to pit Bryant's testimony against that of the police officer on an issue critical to the charge of failure to stop for a blue light.[2] This contention is not preserved. The witness answered the question before Bryant's counsel objected and the latter made no motion to strike it from the record after the trial court overruled the objection. *See Hart v. Kansas City Public Serv. Co.*, 154 S.W. (2d) 600, 603 (Mo. Ct. App. 1941) ("The rule is that if a question is answered before objection can be made and the objection is overruled, then a motion to strike must be made in order to preserve the point. . . ."); *cf. State v. Wingo*, 304 S.C. 173, 403 S.E. (2d) 322 (Ct. App. 1991) (a defendant who did not move to strike testimony after his objection was sustained failed to preserve alleged error for review).

In any case, Bryant suffered no unfair prejudice because the conduct Bryant's counsel complained of, the pitting of the defendant's testimony against that of another witness, did not continue. *Cf. State v. Sapps*, 295 S.C. 484, 369 S.E. (2d) 145 (1988) (wherein the supreme court reversed a first-degree criminal sexual conduct and kidnapping

---

[2] The record on appeal reflects the following occurred while the solicitor was cross-examining Bryant:

Q. You were perfectly sober and didn't see that police car parked in the Jamestown Baptist Church parking lot and you had to go right by it?
A. There wasn't no policeman in the Jamestown parking lot.
Q. He couldn't be telling the truth about that, could he?
A. Who?
Q. The police officer. Where do you think it came from?
A. He must be lying because I didn't see no police car at no Jamestown Church. If he want to stop. . . .
[DEFENSE COUNSEL]: Objection, your Honor. I believe the Solicitor is pitting the witness against the police office.
THE COURT: No, I don't think so. This is the denomination [sic] of cross-examination. She is entitled to some latitude.

conviction because "[t]he solicitor was permitted to *repeatedly* ask [the defendant] if the others were telling the truth over [the defendant's] objection on the ground of improper pitting of witnesses") (emphasis ours).

Affirmed in part and reversed in part.

CURETON, J., concurs.

LITTLEJOHN, Acting Judge, dissents in a separate opinion.

LITTLEJOHN, Acting Judge, dissenting:

I respectfully dissent and would affirm the conviction of the defendant.

In the appeal, two basic questions are submitted:

(1) Did the judge err in allowing the solicitor to pit the defendant's testimony against that of the police officer? I agree with the majority opinion on this issue.

I disagrees with the opinion wherein it is held that the judge should have directed a verdict as relates to the violation of § 16-11-510—injury to personal property.

I could agree with the majority opinion if the defendant had been performing a lawful act. Here he was assaulting a law enforcement officer and has been convicted on that charge.

The majority opinion holds that the defendant had no intent to injure the patrolman's vehicle. There is no scientific way to delve into the mind of a wrongdoer and to determine his intent. Normally, proof is circumstantial. Intent can be shown by what one says and by what one does. Clearly the defendant intended to throw the patrolman against his motor vehicle. The evidence is abundant to the effect that he willfully, illegally, and maliciously did what he did do. He cannot now complain that he is not responsible for the damage to the car simple because the damage he caused was not exactly what he now contends he had in mind. *See* 21 Am. Jur. (2d) "Criminal Law" § 131 (1981).

Consequently, I would find that the state presented sufficient evidence from which the jury could reasonably infer the defendant possessed the intent to do that which the statute forbids and would affirm.