24129

The STATE, Respondent/Petitioner v. Michael Lee BRYANT, Petitioner/Respondent.

(447 S.E. (2d) 852)

Supreme Court

---

*Asst. Appellate Defender M. Anne Pearce* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner/respondent.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Wilbur E. Johnson,* Columbia; and *Sol. Ralph J. Wilson,* Conway, *for respondent/petitioner.*

Heard April 6, 1994.

Decided July 18, 1994.

FINNEY, Justice:

Petitioner-Respondent (Bryant) was convicted of failure to stop for a blue light, resisting arrest, assault and battery of a high and aggravated nature, and malicious injury to personal property. The Court of Appeals reversed the conviction for malicious injury to personal property and affirmed the remaining convictions. *State v. Bryant,* — S.C. —, 429 S.E. (2d) 816 (Ct. App. 1993). We granted both the State's and Bryant's writs of certiorari.

## STATE'S ISSUE

While attempting to arrest Bryant for failure to stop for a blue light, a struggle ensued between the police officer and Bryant. During the course of the struggle, Bryant slammed the officer against the patrol car causing damage in excess of $200.

Bryant moved for a directed verdict on the offense of malicious damage to personal property. The trial court denied his motion. The Court of Appeals reversed the trial court's refusal to direct a verdict of not guilty on that charge.

The State asserts that the Court of Appeals erred in holding that since there was no evidence of intent, the malicious injury to personal property charge should not have been submitted to the jury. We disagree.

The basic rule is that one cannot be convicted of an offense unless his mental state was that required by the particular offense. William S. McAninch & W. Gaston

Fairey, *The Criminal Law of South Carolina* at 20 (2d ed. 1989). Whether intent is a necessary element of the statutory crime must be determined from the language of the statute construed in light of its purpose and design. *Guinyard v. State*, 260 S.C. 220, 195 S.E. (2d) 392 (1973). The elements of malicious mischief are willful, unlawful and malicious damage to the property of another. S.C. Code Ann. § 16-11-510 (Supp. 1993). Willful, unlawful and malicious are not synonyms and each element must be established. *State v. Toney*, 15 S.C. 409 (1881). Willful and intentional are synonymous. Black's Law Dictionary 1599 (6th ed. 1990).

The Court of Appeals found that the State failed to provide any evidence that Bryant intended to cause damage to the patrol car when he threw the officer against it. The only reasonable inference from the evidence is that the damage to the patrol car was an unintended harm. The doctrine of transferred intent applies only in the situation of the same intended harm inflicted on an unintended victim. McAninch, *supra*. The intent to assault and batter the police officer cannot be transferred to the property damage since the harm caused was different from the type of harm intended.

In ruling on a motion for a directed verdict, the trial judge is concerned with the existence of evidence. *State v. Williams*, 303 S.C. 274, 400 S.E. (2d) 131 (1991). We find there was no evidence that Bryant willfully caused harm to the vehicle as required by § 16-11-510. Therefore, it was improper to submit the charge to the jury. Accordingly, we affirm the Court of Appeals' ruling on this issue.

### BRYANT'S ISSUES

The police officer testified in the case-in-chief that he observed Bryant operating his vehicle at a high rate of speed. The officer testified that he turned on his blue light and pursued Bryant for approximately one mile. Bryant testified that he did not see the blue light until shortly before he reached his home.

Both of Bryant's issues pertain to the following colloquy which occurred during cross-examination of Bryant.

> [Solicitor]: You were perfectly sober and you didn't see that police car parked in the Jamestown Baptist Church parking lot and you had to go right by it?

[Bryant]: There wasn't no policeman in the Jamestown parking lot.

[Solicitor]: He couldn't be telling the truth about that, could he?

[Bryant]: Who?

[Solicitor]: The police officer. Where do you think it came from?

[Bryant]: He must be lying because I didn't see no police car at no Jamestown Church. If he want to stop—

[Defense Counsel]: Objection, Your Honor. I believe the solicitor is pitting the witness against the police officer.

The Court: No, I don't think so. This is the denomination of cross-examination. She is entitled to some latitude.

[Solicitor]: Where do you think he came from?

[Bryant]: I don't know where he come from. . . .

On appeal, Bryant contended that the trial court improperly allowed the solicitor to pit Bryant's testimony against that of the police officer. The Court of Appeals held that this argument was not preserved because the witness answered the question before defense counsel objected and no motion to strike was made after the objection was overruled. We disagree. While the solicitor attempted to pit Bryant's testimony against the officer's testimony earlier in the cross-examination, no actual pitting occurred until Bryant understood the question and began to answer. At that time defense counsel objected to the pitting. Under the circumstances, we find that counsel sufficiently preserved the argument for review. Further, we find that it would have been futile to move to strike testimony which the trial court had already ruled was proper.[1] Cf. *State v. Ross*, 272 S.C. 56, 249 S.E. (2d) 159 (1978) (once the court rules on an objection, counsel need not repeat the objection after each question).

On the merits, the Court of Appeals found that Bryant suffered no prejudice from the pitting because it did not continue as in *State v. Sapps*, 295 S.C. 484, 369 S.E. (2d) 145 (1988) where that defendant was repeatedly pitted

---

[1]The Court of Appeals cites *State v. Wingo*, 304 S.C. 173, 403 S.E. (2d) 322 (Ct. App. 1991) as support for its ruling. However, in *Wingo* the court held that the improper testimony was not preserved for review since no motion to strike was made after the objection was sustained. *Wingo* is distinguishable from the instant case because the objection here was overruled.

against the State's witnesses. *State v. Bryant,* 429 S.E. (2d) at 818-19. Bryant argues this was error. We agree.

"It is improper for the solicitor to cross-examine a witness in such a manner as to force him to attack the veracity of another witness. This error is reversible if the accused is unfairly prejudiced thereby." *State v. Sapps, supra.*

Here, the improper questioning pitted the officer's testimony against Bryant. Credibility was a critical issue in this case as Bryant and the officer were the only two witnesses present during the entire incident. We find that Bryant was unfairly prejudiced by the improper cross-examination. Accordingly, we reverse on this issue.

Affirmed in part; reversed in part.

CHANDLER, Acting C.J., and TOAL, J., concur.

MOORE, J., and CHARLES W. WHETSTONE, JR., Acting Associate Justice, dissenting in separate opinion.

MOORE, Justice:

I concur in the majority's affirmance of the State's appeal in this case but dissent from the reversal of Bryant's remaining convictions.

I agree that a Solicitor may not attack a defendant's veracity by pitting the defendant's testimony against that of a State's witness; such improper questioning is reversible error when the defendant is deprived of a fair and impartial trial as a result. *State v. Brown,* 297 S.C. 27, 374 S.E. (2d) 669 (1988). When viewed in context, however, I cannot agree that the effect of the Solicitor's isolated inquiry was so egregious as to deprive Bryant of a fair and impartial trial in this case. The Solicitor immediately moved on with his questioning and did not attempt to use Bryant's comment to any unfair advantage. Where there is strong evidence supporting a conviction, even when the defendant's credibility is in question, the error is harmless where the conviction was clearly correct on the merits, the trial was fair, and no other verdict could reasonably have been returned on the evidence. *Thrift v. State,* 302 S.C. 535, 397 S.E. (2d) 523 (1990). I agree with the Court of Appeals' conclusion on this issue and would affirm.

CHARLES W. WHETSTONE, JR., Acting Associate Justice, concurs.