495 S.E.2d 445

**David L. BURGESS, II, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 24746.**

Supreme Court of South Carolina.

Submitted Dec. 17, 1997.

Decided Jan. 12, 1998.

Deputy Chief Attorney Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, Columbia, for respondent.

WALLER, Justice:

This Court granted certiorari to review the denial of petitioner's application for post-conviction relief.

Petitioner was convicted of first degree criminal sexual conduct and kidnapping. He was sentenced to consecutive terms of thirty years and life imprisonment.

Petitioner chose to testify at his trial. While the solicitor was cross-examining petitioner, he asked petitioner to explain why the victim identified him as the person who kidnapped and molested her. He also asked petitioner to explain why three other witnesses presented by the state identified him as the man they saw in the vicinity of the crime scene on the day the crime occurred. The solicitor asked petitioner to give the jury a reason why one of these witnesses would lie. After petitioner contradicted the testimony of another of these witnesses, the solicitor asked, "She's lying, too?" Petitioner would not accuse any witness of lying, causing the solicitor to then ask, "So everybody's wrong except poor old [petitioner]?"

Petitioner applied for post-conviction relief, alleging his counsel was ineffective for failing to object when the solicitor improperly pitted him against four of the state's witnesses. The court below found "[t]he Solicitor's questions did not necessarily force [petitioner] to attack the veracity of the witnesses, but rather gave him the opportunity to explain any biases the witnesses may have had."

The distinction drawn by the post-conviction relief judge follows language from *State v. Wells,* —— S.C. ——, 426 S.E.2d 814 (Ct.App.1992). In *Wells,* the Court of Appeals distinguished between pitting witnesses and merely asking questions to uncover bias. In that case, the solicitor asked the defendant if he knew of any reason why the state's witness would come into the courtroom and accuse him of murder. In

that context, the court could not "say the solicitor sought to force [the defendant] to attack the veracity of [the state's witness]. The focus of the solicitor's questioning was to uncover any bias by [the state's witness], not to encourage [the defendant] to state [the state's witness] was lying." 426 S.E.2d at 816.

We find the distinction made in *Wells* is illogical. A solicitor would never try to discredit a state's witness by uncovering potential bias during cross-examination of a defendant. Uncovering bias of the state's witnesses would be the concern of a defense attorney and would either be done during cross-examination of the state's witnesses or during direct examination of the defendant. Therefore, the distinction drawn by *Wells* is unsound.

No matter how a question is worded, anytime a solicitor asks a defendant to comment on the truthfulness or explain the testimony of an adverse witness, the defendant is in effect being pitted against the adverse witness. This kind of argumentative questioning is improper. *State v. Bryant*, 316 S.C. 216, 221, 447 S.E.2d 852, 855 (1994); *State v. Sapps*, 295 S.C. 484, 486, 369 S.E.2d 145, 145–46 (1988).

However, improper pitting constitutes reversible error only if the accused is unfairly prejudiced. *Id.* To establish his claim of ineffective assistance of counsel, petitioner had to show a reasonable probability that the result of his trial would have been different if counsel had objected to the solicitor's improper questions. *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of a trial. *Id.*

After reviewing the record, we do not find petitioner was prejudiced by his counsel's failure to object to the solicitor's improper questions. In light of the evidence presented, this error does not undermine confidence in the outcome of this case. Accordingly, the dismissal of petitioner's application for post conviction relief is affirmed. To the extent *State*

*v. Wells* is inconsistent with this opinion, it is hereby overruled.

AFFIRMED.

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.