**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joseph Sanders, IV, Appellant.

Appellate Case No. 2010-165766

———————

Appeal From Pickens County
G. Edward Welmaker, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-054
Submitted December 3, 2012 – Filed January 30, 2013

———————

**AFFIRMED**

———————

J. Falkner Wilkes, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Salley W. Elliott, and Assistant
Deputy Attorney General David A. Spencer, all of
Columbia; and Solicitor W. Walter Wilkins, III, of
Greenville, for Respondent.

———————

**PER CURIAM:** Joseph Sanders, IV appeals his conviction of committing a lewd act on a minor, arguing the trial court erred in (1) denying his motion for a mistrial during voir dire; (2) limiting his cross-examination of his ex-wife; (3) allowing the

State's cross-examination of the guardian ad litem (GAL); and (4) allowing the State to pit Sanders against other witnesses by forcing him to attack the veracity of the other witnesses. We affirm.

1. We hold the trial court did not err in denying Sanders's motion for a mistrial during voir dire. *See State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (Ct. App. 2005) ("The [trial] court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."). After a juror stated, "I feel like you should hang every one of them," the trial court instructed the jury "everyone is innocent until proven guilty." The trial court also dismissed the juror. Additionally, the trial court instructed the jury panel that if any juror was "aware of any reason whatsoever that in this case you could not be a fair juror . . . please stand." We must conclude the jurors followed the trial court's instruction to notify it of any bias or prejudice. *See State v. Dunlap*, 346 S.C. 312, 319, 550 S.E.2d 889, 893 (Ct. App. 2001) (holding that without contrary evidence, the jury members are presumed to follow the trial court's instructions to notify it of bias or prejudice).

2. We hold the trial court did not abuse its discretion in limiting Sanders's cross-examination of his ex-wife. *See* Rule 403, SCRE (providing evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury); *State v. Shuler*, 353 S.C. 176, 184, 577 S.E.2d 438, 442 (2003) ("The relevance, materiality, and admissibility of evidence are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."). Additionally, Sanders failed to prove he suffered any prejudice from the trial court's exclusion of his ex-wife's testimony about her fidelity. *See State v. Bell*, 302 S.C. 18, 27, 393 S.E.2d 364, 369 (1990) ("In order for this Court to reverse a case based on . . . exclusion of evidence, error and prejudice must be shown."). Here, the record contains evidence from which the jury could have found Sanders guilty, notwithstanding the ex-wife's testimony. *See State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (holding the admission of hearsay testimony was harmless error in light of the abundant evidence in the record from which the jury could find the defendant guilty). Victim testified Sanders sexually molested and raped her. Victim's guardian ad litem also testified she believed Sanders abused Victim despite her recantation.

3. We hold Sanders failed to preserve for appeal the issue of whether the trial court erred in allowing the State's cross-examination of the GAL. *See Campbell v. Jordan*, 382 S.C. 445, 453, 675 S.E.2d 801, 805 (Ct. App. 2009) (holding the

failure to timely object when a party initially offers irrelevant or prejudicial testimony waives the right to argue error on appeal).

4. We hold the trial court properly found the State did not pit Sanders against other witnesses' testimonies. The State never asked Sanders to comment on the truthfulness of the detective's or his father's statements or to explain their statements. *See Burgess v. State*, 329 S.C. 88, 91, 495 S.E.2d 445, 447 (1998) ("[A]nytime a solicitor asks a defendant to comment on the truthfulness or explain the testimony of an adverse witness, the defendant is in effect being pitted against the adverse witness."). Moreover, Sanders did not suffer unfair prejudice from the cross-examination because he did not attack the veracity of the detective's or his father's testimonies in his responses to the State's questioning. *See State v. Benning*, 338 S.C. 59, 63, 524 S.E.2d 852, 855 (Ct. App. 1999) (holding the defendant did not suffer unfair prejudice by the solicitor's attempt to pit his testimony against another witness because the defendant did not respond to the question).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.