**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Carolyn Poe, Appellant.

Appellate Case No. 2013-000356

Appeal From Aiken County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2014-UP-447
Submitted October 1, 2014 – Filed December 10, 2014

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia; and Solicitor James Strom Thurmond, Jr., of
Aiken, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. McEachern*, 399 S.C. 125, 137, 731 S.E.2d 604, 610 (Ct. App.

2012) ("[T]he scope of cross-examination is within the discretion of the trial court, and the court's decision will not be reversed on appeal absent a showing of prejudice."); *State v. Sapps*, 295 S.C. 484, 486, 369 S.E.2d 145, 145-46 (1988) ("It is improper for the solicitor to cross-examine a witness in such a manner as to force him to attack the veracity of another witness."); *Burgess v. State*, 329 S.C. 88, 91, 495 S.E.2d 445, 447 (1998) ("[I]mproper pitting constitutes reversible error only if the accused is unfairly prejudiced."); *id.* (holding the petitioner was not prejudiced by improper witness pitting in light of the other evidence presented in the case); *State v. Pradubsri*, 403 S.C. 270, 280, 743 S.E.2d 98, 104 (Ct. App. 2013) ("[T]he materiality and prejudicial character of [an] error must be determined from its relationship to the entire case." (internal quotation marks omitted)).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.