22188

The STATE, Respondent, v. Robert J. McCLELLAN, Appellant.

(323 S. E. (2d) 772)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey* of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Carolyn M. Adams*, Columbia, and *Sol. J. DuPre Miller*, Bennettsville, *for respondent.*

Heard Oct. 1, 1984.

Decided Nov. 26, 1984.

CHANDLER, Justice:

This appeal is from Appellant's conviction on one count of criminal sexual conduct in the second degree.

We affirm.

Appellant contends the trial judge erred, first in admitting testimony from the prosecutrix, his daughter, and her sisters regarding prior bad acts, and second, in admitting opinion testimony from a lay witness: We disagree.

## FACTS

Appellant was indicted on one count of criminal sexual conduct against his youngest daughter, age 15. All three daughters testified concerning the pattern of this and prior attacks. According to them, these attacks commenced about their twelfth birthday, at which time Appellant began entering their bedroom late at night, waking them, and taking one of them to his bedroom. There he would explain the Biblical verse that children are to "Honor thy Father", and would also indicate he was teaching them how to be with their husbands. The method of attack was common to all three daughters.

None of the daughters reported these incidents until they read a news article which informed the public of available assistance from DSS in such matters. Appellant's daughters then made a joint decision to report the crimes.

Appellant presented an alibi defense. He testified that while his live-in girlfriend was at work, he spent the night in question with another woman.

## PRIOR BAD ACTS

Evidence of prior bad acts is not admissible to prove the crime for which a defendant is charged unless it establishes: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan; or (5) the identity of the person charged. *State v. Lyle*, 125 S. C. 406, 118 S. E. 803 (1923); *State v. Stokes*, 279 S. C. 191, 304 S. E. (2d) 814 (1983). The trial judge admitted the daughters' testimony concerning prior misconduct as evidence of a common scheme or plan.

In *State v. Whitener,* 228 S. C. 244, 89 S. E. (2d) 701 (1955), we hold the common scheme exception to the *Lyle* rule "is generally applied in cases involving sexual crimes, where evidence of acts prior and subsequent to the act charged in the indictment is held admissible as tending to show continued illicit intercourse between the same parties." *Whitener,* 228 S. C. at 265, citing *State v. Richey,* 88 S. C. 239, 70 S. E. 729 (1911). The prosecutrix's testimony regarding prior attacks was admissible under this exception to show the continued illicit intercourse forced upon her by Appellant.

Courts must weigh the probative value of evidence of prior bad acts against its prejudicial effect. Such evidence is inadmissible "unless the close similarity of the charged offense and the previous act[s] enhances the probative value of the evidence so as to overrule the prejudicial effect." [Citations omitted.] *State v. Rivers,* 273 S. C. 75, 254 S. E. (2d) 299 (1979).

This evidence was properly admitted. The experiences of each daughter parallel that of her sisters: the initial attack occurred around age twelve; Appellant entered their room and chose one of them, who would be forced to submit; he gave to each the same explanation for his actions; and he quoted to each the Biblical verse.

It would be difficult to conceive of a common scheme or plan more within the plain meaning of the exception than that presented by this evidence.

## REPLY TESTIMONY

Appellant next contends that it was error to admit reply testimony by the State.

On direct and cross-examination, Appellant denied the sexual assaults and the use and sale of marijuana. In reply, the State recalled Appellant's daughters, who testified that Appellant: (1) had sexually assaulted them; (2) used and sold marijuana; and (3) forced them to smoke marijuana prior to his attacks upon them.

We have held that where bad acts have not resulted in a conviction, guilty plea, indictment or arrest, the State's use of such evidence is limited. *State v. Gore,* S. C., 322 S. E. (2d) 12 (1984).

However, where guilt is proven by competent evidence and no rational conclusion can be reached other than the accused's guilt, a conviction will not be set aside because of insubstantial errors not affecting the result. *State v. Key*, 256 S. C. 90, 180 S. E. (2d) 888 (1971). Having held the testimony proving Appellant's guilt competent, any prejudice resulting from the State's reply was harmless error. *State v. Key, supra*.

## OPINION TESTIMONY

During cross-examination of Appellant's live-in girlfriend, Ms. Dew, the following colloquy occurred:

Q. She is a well mannered, truthful young woman, is she not?

A. As far as I could see.

Q. As far as you could see. Is she an habitual liar around the house?

A. Well, right lately, there been a lot of lies. The last few months.

There was no objection to this line of questioning. Later, Dew testified on cross-examination that she did not know the reputation of the prosecutrix for truth in the community. The Solicitor then asked for Ms. Dew's personal opinion, based on her knowledge of the prosecutrix, as to whether the prosecutrx was an honest person. Objection to this question was overruled, and Ms. Dew replied that the prosecutrix was "fairly honest."

Appellant argues this last question was improper, as Ms. Dew was not qualified to give her personal opinion of the prosecutrix. However, his failure to object to this line of questioning when first pursued waived his right to object when the same line of questioning was followed later. *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981).

Accordingly, Appellant's conviction is affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.