STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Anthony Nellis, Jr.,       
Appellant.
 
 
 

Appeal From Dorchester County
Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2003-UP-459
Heard April 9, 2003  Filed July 8, 
 2003

REVERSED

 
 
 
Jennifer L. Queen, Kelly Knight Boyd, and Mark Alan Leiendecker, 
 all of Summerville, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; 
 and Solicitor Walter M. Bailey, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM:  Anthony Nellis, Jr., appeals 
 his conviction for criminal sexual conduct (CSC) with a minor in the first 
 degree, arguing the trial court erred by admitting evidence of prior bad acts 
 in violation of Rule 404(b), SCRE.  We reverse.
FACTS/PROCEDURAL HISTORY
Nellis married the victims mother (Mother) in New 
 Jersey in June, 1998.  At the time of the marriage the victim was seven years 
 old.  Subsequently, Nellis, Mother, and the victim moved first to North Carolina, 
 then to Georgia, and finally to South Carolina.
According to the victim, one afternoon in October 1999, 
 Mother was working at the office of the apartment complex where the family lived.  
 While Nellis was in the familys apartment, the victim entered the apartment 
 to change into her swimsuit.  Nellis entered the victims room and vaginally 
 penetrated the victim with his penis.  Following the assault, Nellis instructed 
 the victim not to tell Mother.  A few days later, the victim went to the school 
 nurse and complained of seeing blood while urinating.  The nurse gave the victim 
 a sanitary napkin and called Mother to inform her the nurse thought the victim 
 might have begun to menstruate.  Later, the victim told Mother Nellis had been 
 having sex with her.
Nellis was indicted for CSC with a minor.  At trial, 
 subject to Nellis objection, the victim testified Nellis vaginally penetrated 
 her several times while the family lived in North Carolina, Georgia, and South 
 Carolina.  She testified further that on each occasion Nellis instructed her 
 not to tell Mother.  She testified some of the encounters occurred while Mother 
 was home, while others occurred with Mother away from the home.  Also subject 
 to Nellis objection, other witnesses offered similar, hearsay testimony based 
 on information obtained from conversations they had with the victim prior trial.
Nellis was convicted of CSC with a minor and sentenced 
 to sixteen years imprisonment.  Nellis appeals.
LAW/ANALYSIS
Nellis asserts the trial court erred in admitting 
 the testimony, alleging prior bad acts in violation of 404(b), SCRE.  Nellis 
 argues the prior bad acts were not so substantially similar to the charged offense 
 to fall within the common scheme or plan exception.  We agree.
Evidence of an accuseds other acts is not admissible 
 to prove the propensity of the accused to commit the crime charged.  Rule 404(b), 
 SCRE.  However, evidence of prior bad acts may be admitted to show . . . the 
 existence of a common scheme or plan.  Id.; see State v. Lyle, 
 125 S.C. 406, 416, 118 S.E. 803, 807 (1923).  For evidence to be admissible 
 under the common scheme or plan exception, the [t]he record must support a 
 logical relevance between the prior bad act and the crime for which the defendant 
 is accused.  State v. Brooks, 341 S.C. 57, 61, 522 S.E.2d 325, 327 (2000).  
 Thus, the trial court should not admit the evidence if the court does not clearly 
 perceive the connection between the prior bad act and the crime charged.  Id. 
 at 61-62; 533 S.E.2d at 327-28.
Both this Court and our supreme court have addressed 
 the admissibility of Lyle evidence in child sexual assault cases on numerous 
 occasions.  In State v. McClellan, 283 S.C. 389, 323 S.E.2d 772 (1984), 
 a father was tried for the sexual abuse on only one of his three daughters.  
 The trial court permitted all three daughters to testify regarding how their 
 father abused them.  With each daughter, the fathers abuse began when the girl 
 turned twelve.  He demanded they come to his bedroom, where he quoted the same 
 Bible verse to each of them and informed them he was teaching them how to be 
 with their husbands.  McClellan, 283 S.C. at 391, 323 S.E.2d at 773.  
 The McClellan court found no error with the admission of the other daughters 
 testimony because the facts of the prior bad acts were substantially similar 
 to the charged offense and showed the fathers common scheme and plan.  283 
 S.C. at 391, 323 S.E.2d at 773.
Similarly, in State v. Adams, 332 S.C. 139, 
 504 S.E.2d 124 (Ct. App. 1998), the defendant was charged with assault with 
 intent to commit criminal sexual conduct against his step-daughter.  The trial 
 court admitted evidence of the defendants prior sexual abuse of his other step-daughter.  
 This Court found no error in the trial courts admission of the evidence because 
 the abuse of both step-daughters occurred when the girls were approximately 
 the same age, the defendant abused the victims in the same manner --- the defendant 
 used his relationship as their step-father to control the victims --- the abuse 
 of both victims began in a hammock, both victims were also attacked in the defendants 
 truck, the defendant showed both victims pornographic movies, and the defendant 
 picked the locks of both victims rooms to watch the victims dressing.  Id. 
 at 142-42; 504 S.E.2d at 126.
After having reviewed the record, we find it difficult 
 to clearly perceive the connection between the charged offense and Nellis prior 
 acts of sexual misconduct.  Specifically, the testimony regarding Nellis prior 
 sexual assaults does not establish the existence of a substantial similarity 
 with the sexual assault for which he is currently charged.  See State 
 v. Tutton, 354 S.C. 319, ___, 580 S.E.2d 186, 191, 194 (Ct. App. 2003) (holding 
 there must be evidence that the defendant employed a common scheme or plan 
 in the commission of the [sex] crimes).
The victim testified Nellis assaulted her on several 
 occasions, in various rooms of the home, and in multiple geographic locations.  
 Some acts were performed while Mother was home, while other acts were performed 
 while Mother was away from the home.  The other witnesses who testified simply 
 reiterated hearsay testimony almost identical to that offered by the victim.
Based on this limited testimony, the record lacks 
 sufficient detail from which this Court could clearly perceive the connection 
 between the extraneous criminal transaction and the crime charged, that is, 
 its logical relevancy[; thus,] the accused should be given the benefit of the 
 doubt and the evidence should be rejected.  See State v. Berry, 
 332 S.C. 214, 219, 503 S.E.2d 770, 773 (Ct. App. 1998) (quoting Lyle, 
 125 S.C. at 417, 118 S.E. at 807).  Therefore, we conclude the trial court erred 
 in admitting the testimony of Nellis prior bad acts.
Furthermore, we think it clear Nellis suffered 
 prejudice as a result of the admission of this testimony.  See State 
 v. Parker, 315 S.C. 230, 234, 433 S.E.2d 831, 833 (1993) (holding the improper 
 admission of bad acts evidence is subject to a harmless error analysis).  Whether 
 the improper introduction of this evidence is harmless requires us to look at 
 the other evidence admitted at trial to determine whether the defendants guilt 
 [was] conclusively proven by competent evidence, such that no other rational 
 conclusion could be reached.  Berry, 332 S.C. at 220, 503 S.E.2d at 
 773 (quoting Parker, 315 S.C at 234, 433 S.E.2d at 833).
In the present case, the evidence introduced at 
 trial consisted almost entirely of the testimony regarding Nellis prior bad 
 acts, none of which was admissible.  Moreover, Mother vehemently denied Nellis 
 committed the charged offense, and no physical evidence established Nellis as 
 the perpetrator of the charged offense.  Thus, we cannot say that without the 
 testimony of Nellis prior bad acts, the evidence before the jury was so overwhelming 
 that a guilty verdict was the only rational conclusion.  See id.
CONCLUSION [1] 
For the foregoing reasons, we find the trial court 
 erred in admitting evidence of Nellis prior bad acts.  The admission of this 
 evidence was not harmless, and thus, Nellis conviction is 
REVERSED.
STILWELL and HOWARD, JJ., and
STROM, Acting Judge, concur.

 
 
 [1] Although Nellis raises numerous additional issues on appeal, because 
 of our holding regarding the admission of prior bad act evidence, we need 
 not address these issues.