# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Damyon Cotton, Petitioner.

Appellate Case No. 2017-002402

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal From Darlington County
J. Michael Baxley, Circuit Court Judge

———————

Opinion No. 27965
Heard June 13, 2019 – Filed May 6, 2020

———————

**AFFIRMED**

———————

Lesley A. Firestone, of Moore & Van Allen, PLLC, of
Charleston; and Chief Appellate Defender Robert
Michael Dudek and Appellate Defender Lara Mary
Caudy, both of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney
General William M. Blitch Jr., both of Columbia; and
Solicitor William B. Rogers Jr., of Bennettsville, for
Respondent.

**PER CURIAM:**  In a trio of cases, this Court has been asked to reconsider the reach of the common scheme or plan exception to Rule 404(b), SCRE, particularly as it pertains to criminal sexual conduct cases and our decision in *State v. Wallace*, 384 S.C. 428, 683 S.E.2d 275 (2009).  Today, in the first of the three opinions, we overrule *Wallace* and clarify the requirements to satisfy the common scheme or plan exception.  *See State v. Perry*, Op. No. 27963 (S.C. Sup. Ct. filed May 6, 2020) (Shearouse Adv. Sh. No. 18 at 12).  In the second of the three opinions, using the new *Perry* framework, we affirm a pastor's criminal sexual conduct conviction in a case where the abuse of the victims was done in a method so unusual as to be unique.  *See State v. Durant*, Op. No. 27964 (S.C. Sup. Ct. filed May 6, 2020) (Shearouse Adv. Sh. No. 18 at 64); *see also State v. McClellan*, 283 S.C. 389, 323 S.E.2d 772 (1984).  Here, in the third of the three opinions, we reconfirm the continued viability of the common scheme or plan exception.

In this case, Petitioner met a young woman (the victim) online, picked her up in his car to take her on a date, and quickly became aggressive, forcing her to perform oral sex on him in the car.  He then drove to a secluded location in the woods, threatened to shoot the victim, raped her outside the car, and drove her home.  Petitioner was indicted for kidnapping and criminal sexual conduct in the first degree.

Over Petitioner's objections at trial, and pursuant to the common scheme or plan exception to Rule 404(b), SCRE, the trial court admitted testimony from a second victim (another young woman) who had suffered an essentially identical assault at Petitioner's hands.  According to the second victim, Petitioner met her online, picked her up in his car to take her on a date, and quickly became aggressive, hitting her and forcing her to perform oral sex on him in the car.  He then drove to a secluded location in the woods, raped the second victim outside the car, and drove her home.  Notably, during the assaults, both victims attempted to dissuade Petitioner from raping them by offering excuses as to why intercourse with them would be undesirable:  one claimed she was menstruating, and the other claimed she was already pregnant and had a sexually transmitted disease.  In both cases, Petitioner stated he did not care and would "fix that," putting on a condom and continuing with the rape.

Petitioner was subsequently convicted of kidnapping and criminal sexual conduct in the first degree, and the court of appeals affirmed those convictions. *State v. Cotton*, Op. No. 2017-UP-356 (S.C. Ct. App. filed Sept. 6, 2017).

Using the new framework set forth in *Perry*, we find the admission of the second victim's testimony satisfied the requirements of Rules 404(b) and 403, SCRE. Because there was no abuse of discretion in the admission of the second victim's testimony, we affirm Petitioner's convictions and sentence.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**