## 10135

### HARWELL v. COLUMBIA MILLS.

### (98 S. E. 324.)

1. MASTER AND SERVANT—ASSUMPTION OF RISK—KNOWLEDGE OF DANGER.
—A servant did not assume the risk of slipping upon a floor from
the mere fact that he knew it was wet.

2. MASTER AND SERVANT—INJURIES TO SERVANT—SAFE PLACE TO WORK—
FELLOW SERVANT DOCTRINE.—Where a floor was dangerous by reason
of a leaky icebox, and plaintiff slipped and was injured at a time
when sand had been swept from floor, mere fact that it was duty of
another servant to oversee place and keep sand on floor did not free
master from liability on ground that negligence was that of a fellow
servant.

3. TRIAL—INSTRUCTIONS—CURE OF ERROR.—That instruction eliminated
from consideration of jury fact that a servant might assume risk of
falling on a wet floor was cured by an instruction almost immediately
following, that recovery could not be had if servant knew floor was
wet when he stepped on it, or by exercise of ordinary care could have
known of such condition.

4. MASTER AND SERVANT—INJURIES TO SERVANT—ACTS OF FELLOW SERV-
ANT.—If master was negligent in failing to provide a safe place of
work, he would be responsible if it caused injuries to servants, not-
withstanding that negligent act of a fellow servant might have con-
tributed to injuries also as a proximate cause.

5. TRIAL — INSTRUCTIONS — REQUESTS — EFFECT OF EVIDENCE. — Where
injured plaintiff sought to show that he would suffer greater injury
because of predisposition, and defendant on cross-examination
brought out that such predisposition was to tuberculosis, and Court
instructed generally that jury could take into consideration greater
injury because of some predisposition if shown by evidence, such
instruction was not erroneous as allowing speculative damages
because of the tuberculosis which might or might not develop, since
defendant, if he wished to restrict effect of evidence brought out by
him, should have requested an instruction to that effect.

6. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.—In
action by servant for injuries by slipping on floor, it was harmless to
allow a witness for plaintiff to state that defendant put sand on floor
after the accident, where defendant's witness stated without objection
that sand had been put on the floor before, and that the orders
required it.

Before TOWNSEND, J., Richland, Summer term, 1918.
Affirmed.

Action by E. T. Harwell against the Columbia Mills. Judgment for plaintiff, and defendant appeals.

*Mr. Archibald H. Davis,* for appellant, cites: *As to assumption of risk:* 137 Ky. 414, 421; 1 Shearm & Redf. on Neg. (6th Ed.), section 209; 179 S. W. R. 34 (Mo.); 156 Wis. 452; 151 Wis. 149, 153; 151 Ap. Div. (N. Y.) 432; 122 Ap. (N. Y.) 480; 155 Ind. 507; 27 R. I. 158; 205 Pa. St. 170; 178 N. Y. 377; 61 Att. Rep. 388; 72 N. J. Law 218. *As to negligence of fellow servant:* 187 Mass. 326 (72 N. E. Rep. 1015).

*Messrs. Barron, McKay, Frierson & Moffatt,* also for appellant, cite: *As to assumption of risk:* 102 S. C. 402; 102 S. C. 276, 281; 86 S. E. 675, 676; 87 S. C. 210, 213; 70 S. C. 250; 49 S. E. 573; 72 S. C. 398; 52 S. E. 45; 61 S. C. 468; 39 S. E. 715; 80 S. C. 232; 61 S. E. 291; 72 S. C. 348; 51 S. E. 918; 81 S. C. 522; 62 S. E. 848; 70 S. C. 470; 72 S. C. 270; 72 S. C. 237, 242; 80 S. C. 232, 238, and cases therein cited; 72 S. C. 346, 349, and cases therein cited; 122 S. E. 280; 80 S. C. 232, 238; 72 S. C. 348; 87 S. C. 210, 213; 55 S. C. 101, and numerous other cases. *As to fellow servants:* 18 R. C. L. 737, 738. *As to exception 5:* 22 R. C. L. 153. *As to exception 6:* 51 S. C. 222; 77 S. C. 690.

*Messrs. Cole. L. Blease* and *B. L. McDowell,* for respondent, cite: *Upon the first four exceptions:* 93 S. E., p. 3, and other cases cited thereunder; 96 S. E. 616, and cases cited therein (Advance Sheet No. 13); 96 S. E., p. 537; 91 S. E., p. 978; 68 S. E., p. 525; 11 S. E., p. 95; 94 S. E., p. 302; 78 S. E. 798; 60 S. E., p. 1110. *Particularly as to exceptions 1 and 3:* (78 S. E. 89); 68 S. E. 525; Master and Servant Cent. Dig., sec. 675; Dec. Dig., sec. 231; 78 S. E. 24; 78 S. E. 798; *Thomason v. Victor Mfg. Co.,* — S. C. —; 95 S. E. 32; *Lester v. C. C. & C. Ry. Co.,* — S. C. —; 78 S. E. 798. *As to exception 5:* 92 S. C. 300; 75 S. E. 494. *As to exception 6:* 90 S. E., p. 32.

January 27, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent, Harwell, was an employee of the appellant mills. On the 4th day of October, 1916, while Harwell was at work, he went into a closet in the room in which he was working that had been provided for the comfort and convenience of employees. As he came out of the closet he stepped on a wet place on the floor, and fell to the floor and injured himself. This action was brought for damages for the failure of the mills to provide a safe place in which to work. The jury found a verdict for the plaintiff, and from the judgment entered upon the verdict the defendant appealed.

1. The first exception complains of error in refusing to direct a verdict on the ground that no other reasonable conclusion could be drawn from the evidence than that the plaintiff had assumed the risk. The plaintiff admitted that he knew the place was wet, but not that he knew that it was slippery and dangerous. It was another witness who said that the floor was made of maple, and that when a maple floor was wet it was slippery. This exception cannot be sustained.

2. The second exception complains of error in refusing to direct a verdict on the ground that the negligence, if any, was that of a fellow servant. This exception cannot be sustained. It is not necessary to discuss the nonassignable duties of the master. The ice box leaked, and the water that fell on the floor ran across the floor in front of the closet door over which the employees were expected to go. Byer, a witness for the appellant, states that it was his particular business to oversee the conditions of the closets; that Mr. Harwell and a colored man who handled the ice were under him; that he had an instruction, before Mr. Harwell got hurt, to use sand as a precaution.

The ice box was on wheels, and could have been repaired or removed to another place where it could have done no harm. The authorities of the mill knew that the floor needed attention and precautionary measures, and did not make the place safe by removing the cause of danger or taking the steps necessary to counteract the danger. There was evidence that the master had been warned of the danger.

3. Exception 3: "His Honor, the presiding Judge, charged jury as follows: 'But if you find that the risk which occasioned an injury, if any, to the plaintiff, was one which arose out of the master's negligence, then it would not be an ordinary risk incident to the work, assumed by the servant. In other words, the servant, when he enters upon the employment of the master, has a right to expect the master to use ordinary care to provide him a safe place for work, and a safe way in going to and from his work; and the master is not allowed, where he fails to use care to provide a safe place and way, to say that his failure was an ordinary risk assumed by the servant.'

"This constituted error (a) in that it eliminated from the consideration of the jury the fact that a servant might assume a risk of which he was fully aware, the danger of which had existed for some time, and was perfectly obvious and apparent, even though the existence of such condition might be due indirectly to negligence of the master."

This exception cannot be sustained. It was followed almost immediately by:

"If you find from the evidence that the plaintiff knew of the wet and slippery condition of the floor over which he had to pass, if he did have to pass, and if the evidence that it was wet and slippery, or that by the exercise of ordinary care the plaintiff could have known of such condition, or that any reasonable man of ordinary care and prudence would have known of such condition, and that any reasonable man of ordinary care and prudence, knowing of such condition of the floor, would have realized the risk and danger in pass-

ing over it, and would not have attempted to pass over it, and that the plaintiff, in attempting to pass over the floor, failed to exercise the ordinary care which would have been exercised by a person of ordinary prudence under similar circumstances, and that such failure to exercise ordinary care and prudence contributed, as a proximate cause, to his injuries, why, then, he could not recover."

4. Exception 4: "His Honor, the presiding Judge, charged the jury as folows: 'However, I charge you that with this qualification: The master is not liable for an injury occurring through the act of a fellow servant; but if the act of a fellow servant merely co-operated or contributed, along with some independent act of negligence on the part of the master, such as a failure of the master to use ordinary care to provide a safe place of work, or a safe way for the servant to use in passing from his work to a toilet provided for his use during the hours of employment, and returning from the toilet to the place of work, then the fact that an injury may have been caused by the act of a fellow servant would not be a defense, if it was also caused by the negligence of the master in failing to furnish a safe place or a safe way for the use of the servant, under the circumstances which I have stated to you. As I have said, the mere fact that an injury may have been due to the act of a fellow servant would not be a defense, unless it was the sole cause of the injury, or unless you find there was no negligence on the part of the master. The master is not responsible for the act of a fellow servant, but he would be responsible for his own negligence, if he were guilty of negligence, in failing to provide a safe place for work, or safe means and a safe way for the servant while at work, and for such negligence in failing to provide a safe place or safe way for the use of the servant while at work, he would be responsible, if it caused injuries to the servant, notwithstanding that the negligent act of a fellow servant might have contributed to those injuries also as a proximate cause.'

"This was error (a) in that it eliminated from the consideration of the jury the fact reasonably inferable from the evidence that the wet spot was caused by the failure of a fellow servant to follow the instruction and use the means furnished him by the master to render the place safe, which fact would exonerate the master from liability, even though such failure did result in rendering the place unsafe; (b) in that it constituted a charge on the facts."

The wet place was caused by the defective condition and location of the ice box and not by the sweeper. The master knew it. He knew it required constant attention. The floor was swept every hour and a quarter. The precaution (the sand) was removed every hour and a quarter. The place was made unsafe by the master and not by the fellow servant.

This was a statement of law, and not a charge on the facts.

5. Exception 5: "His Honor, the presiding Judge, charged as follows: 'But you are to take into consideration the extent of the injuries, if any, produced by that fall, upon the plaintiff, and if those injuries are greater in his case because of some predisposition of his constitution, if any such predisposition is shown by the evidence, why that is a circumstance which you could take into consideration.'

"This was error in that (a) it constituted a charge on the facts; (b) it allowed the jury to speculate on a vague and uncertain possibility as an element of damage; (c) violated the true rule of damages, that where one suffering from a disability receives an injury he is only entitled to receive compensation to the extent of the aggravation of his previous condition."

This exception cannot be sustained. The plaintiff brought out the fact that, on account of a predisposition of the plaintiff's constitution, he was likely to suffer more than a man of normal constitution. The appellant brought out the fact on the cross-examination that the defect was a tendency to

tuberculosis.   There is nothing in the charge to suggest that the jury might give damages for tuberculosis that might or might not develop.   His Honor specifically told the jury, "You are to ascertain from the evidence on the stand what effect any injuries had on this particular man."   If the appellant thought it necessary to guard against the effect of the statement it brought out itself, then appellant should have requested his Honor to so charge.

6. The sixth exception complains of error in allowing a witness for the plaintiff to state that sand had been put on the floor after the accident.   This was harmless here, because appellant's witness stated without objection that sand had been put on the floor before and the orders required it.   The reason of the rule is that, when it is shown that the master changed conditions after an accident, it may be inferred that the master thereby admits the defective conditions at the time of the accident.   The master must, therefore, admit a defective condition or continue to operate under defective conditions, and thereby endanger other employees.   The testimony did not show a change in conditions.   The testimony does not violate the reason of the rule, and is, therefore, harmless.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.